PIERCE, Judge.
This case is an appeal by Martha Clemons from a summary final decree entered by the Pinellas County Circuit Court against her as plaintiff in a declaratory decree action.
Plaintiff Martha Clemons sought a declaratory decree to determine the beneficiary of an insurance policy. On April 30, 1960, one Ernest C. Clemons had taken out insurance upon his life with Atlantic American Life Insurance Company, naming his daughter, Ollie Mae Clemons, a minor, as beneficiary. This policy was annually renewed in April of 1961, 1962 and 1963, with his said minor daughter, Ollie Mae, being continuously made beneficiary. However, sometime after the April, 1963 renewal, Ernest C. Clemons married Martha Clemons, plaintiff-appellant herein, and when the policy was renewed in April, 1964, no beneficiary was specifically named for the ensuing year’s coverage. Ernest C. Clemons died on August 16, 1964, as the result of an automobile accident.
The policy, under head of “Claim Payments” provides
“Indemnity for loss of life of the Insured Member [Ernest C. Clemons] is payable to the beneficiary if surviving the Insured Member, and otherwise to the estate of the Insured Member.” (Emphasis supplied).
The plaintiff’s complaint contained allegations that in the “original discussions” between Ernest C. Clemons and the agent for the insurance company at the time the 1964 renewal was taken out “it was understood” that the then wife, Martha Clemons,1 “would be the beneficiary” of Mr. Clemons in the event of his death. Such allegations were patently an effort to open the door to parol testimony to supplement provisions of the policy. Upon motion of the minor defendant, Rosa Lee Clemons, such portions of the complaint were stricken. The minor defendant then, after answer, moved for summary decree, which was granted, and the defendant insurance company was ordered to pay the proceeds of *40 the policy to the administratrix of the decedent’s estate, to he disbursed to the surviving heirs of the decedent, pursuant to the further orders and directions of the County Judge of Pinellas County.
F.S. Sec. 222.13, F.S.A. provides that—
“Whenever any person shall die in this state leaving insurance on his life, the said insurance shall inure exclusively to the benefit of the surviving child or children and husband or wife of such person in equal portions, or to any person for whose use and benefit such insurance is declared in the policy; * * (Emphasis supplied)
There was no beneficiary “declared in the policy”; therefore the proceeds “inure exclusively” to the lawful heirs of decedent, which of course includes the plaintiff widow.
Airy provision of the Florida statutes applicable to the subject-matter of a contract is as much a part and parcel of such contract as if written into the same in haec verba. This principle of law has been so many times enunciated by our Supreme Court that citation of authorities is superfluous. For collection of cases, see Vol. 3A Florida Digest, Contracts. <®=,167, beginning at page 499.
Therefore, the quoted provision of Sec. 222.13 aforesaid supplied the void in the policy designation of beneficiary the same as if the names of the. widow and children of the insured were written into the policy. This being so, the policy is complete unto itself, eliminating any necessity for parol testimony to supply any supposed omission or uncertainty therein.
The summary decree entered by the Chancellor is therefore affirmed
Affirmed.
LILES, Acting C. J., and HOBSON, J., concur.